# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANNY HOLLIDAY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 08-CV-0397-MJR |
| OZBURN HESSEY LOGISTICS, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

On June 3, 2008, Holliday filed the above-captioned action alleging employment discrimination on the basis of his race (Doc. 1). At that time, Holliday also paid his filing fee and moved the Court to appoint counsel on his behalf (Doc. 2). The Court denied Holliday's motion on June 4, 2008 (doc. 3).

On June 11, 2008, Holliday filed the instant motion seeking leave to proceed in forma pauperis and requesting the right to file and receive documents electronically (Doc. 4). Additionally, Holliday again requests that the Court appoint counsel for him.

The Court **DENIES AS MOOT** Holliday's request to proceed in forma pauperis, as he has already paid the filing fee.

Additionally, the Court **DENIES** Holliday's request to file documents electronically. The only support given for this request is that Holliday does not live close to the courthouse, that electronic filing will aid the orderly prosecution of the action, and that he cannot afford the costs of transportation. However, Holliday can submit any filings by mail, and he will receive any documents filed by the Defendant or the Court via mail. As such, the Court finds that Holliday has not given adequate reasons why he should be permitted to electronically file documents in this

action.

Finally, the Court **DENIES** Holliday's motion to appoint counsel. The Court previously informed Holliday that because this is a civil action, Holliday has no constitutional or statutory right to the appointment of counsel, though the Court may appoint counsel to represent indigent civil litigants in its discretion (Doc. 3). ***Barkauskas v. Lane*, 946 F.2d 1292, 1294 (7th Cir. 1991); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992);** *see also* **28 U.S.C. § 1915(d).** The Court denied Holliday's previous motion because (1) Holliday had given no indication that he could not afford an attorney, and (2) Holliday had not shown that he made a reasonable effort to obtain counsel on his own.

In the instant motion, Holliday vaguely asserts that he cannot afford counsel and that he has made previous attempts to retain counsel. However, he provides no specific information about his current financial status, nor does he describe the attempts he made to hire an attorney.

Moreover, even if the Court was convinced that Holliday satisfied these prongs, the Court must still inquire, "[G]iven the difficulty of the case, does the plaintiff appear competent to litigate it himself?" ***Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).** The Seventh Circuit has noted that these "inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." ***Id.* at 655.**

In determining the level of difficulty involved in the case, the Court considers whether the factual and legal difficulty of the case "exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." ***Id.*** In determining the plaintiff's competency, the Court may consider any relevant evidence available, including (but not limited to)

the plaintiff's literacy, educational level, communication skills, prior litigation experience, psychological history, and intellectual capacity. *Id.* The Court may inform its decision by considering the pleadings, communications from, and any contact with the plaintiff. *Id.* As the Seventh Circuit has explained,

> The question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.

*Id.*

At this stage of the litigation, the case appears to be neither legally nor factually complex. Holliday alleges that his employer violated Title VII in that it discriminated against him based on his race and retaliated against him when he protested the alleged discrimination. Though litigating a case may be challenging for any pro se litigant, the claims at hand do not appear particularly complicated.

Additionally, while the Court lacks specific facts regarding Holliday's background, he appears competent to litigate these claims on his own. Primarily, the Court notes that Holliday's complaint is coherent and well-organized, as is the instant motion.

For these reasons, the Court hereby **DENIES** Holliday's motion (Doc. 4).

**IT IS SO ORDERED.**

**DATED this 20th day of June 2008.**

                                              **s/ Michael J. Reagan**
                                              **MICHAEL J. REAGAN**
                                              **United States District Judge**