## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANNY HOLLIDAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 08-CV-0397-MJR ) |
| OZBURN-HESSEY LOGISTICS, LLC, | ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On June 3, 2008, Holliday filed the above-captioned action alleging that his employer, Ozburn-Hessey Logistics, LLC, discriminated and retaliated against him based on his race (Doc. 1). Holliday sent a waiver of service to Ozburn-Hessey on July 1, 2008, and Ozburn-Hessey waived service on July 21, 2008 (Doc. 6). Pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 4(d)(3)**, Ozburn-Hessey was required to serve an answer by September 2, 2008, which was 60 days after the request was sent.

On August 22, 2008, before Ozburn-Hessey filed a responsive pleading, Holliday filed an amended complaint, as permitted under **Rule 15(a)(1)(A)** (Doc. 11). Accordingly, Ozburn-Hessey was required to file its answer "within the time remaining to respond to the original pleadings or 10 days after service of the amended pleading, whichever is later." **Rule 15(a)(3).** Computing this deadline under **Rule 6**, Ozburn-Hessey's answer was due on September 8, 2008. However, Ozburn-Hessey failed to file its answer until September 11, 2008—three days late (Doc. 13). At no point did Ozburn-Hessey move for an extension of time.

In light of this, Holliday now moves for default judgment against Ozburn-Hessey (Doc. 17). The Court hereby **DENIES** Holliday's motion.

**FEDERAL RULE OF CIVIL PROCEDURE 55** provides the proper procedure for obtaining a default judgment. **Rule 55(a)** requires that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once default is entered, a party may seek default judgment under **Rule 55(b)**.

Holliday has not moved for entry of default at this juncture, but rather attempts to proceed straight to the default judgment phase. Procedurally, this is improper. Only after default is entered under **Rule 55(a)** may a party move for default judgment under **Rule 55(b)**. Accordingly, Holliday's motion for default judgment must be **DENIED**.

However, even if the Court construed Holliday's motion as one for entry of default, it would be futile. The Court may set aside default for good cause under **Rule 55(c)**. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, **529 F.3d 371, 385–86 (7th Cir. 2008) (stating that for good cause shown, a district court may set aside an entry of default *sua sponte*).** The Seventh Circuit has explained:

> Defaults may be set aside for "good cause." [For instance,] [d]amages disproportionate to the wrong afford good *cause* for judicial action, even though there is no good *excuse* for the defendant's inattention to the case. Rule 55(c) requires "good cause" for the judicial action, not "good cause" for the defendant's error; as used in this Rule, the phrase is not a synonym for "excusable neglect." (Another way to see this is that Rule 55(c) uses the "good cause" standard for relief before judgment has been entered, while referring to the standard under Rule 60(b) for relief after judgment. Rule 60(b) allows relief on account of mistake and inadvertence in addition to excusable neglect; the "good cause" standard in Rule 55(c) must be easier to satisfy.)

*Sims v. EGA Products, Inc.*, **475 F.3d 865, 868 (7th Cir. 2007) (emphasis in original; citations omitted).**

Given the early stage of this case (indeed, discovery has yet to begin), default judgment is inappropriate though no good excuse may exist for Ozburn-Hessey's failure to timely file its answer. Long before Holliday filed the instant motion for default judgment, Ozburn-Hessey appeared in the case and is now actively involved in the litigation. The Court sees no reason to proceed with striking Ozburn-Hessey's answer, entering default, and requiring Ozbur-Hessey to move the Court to set aside default. This would only add unnecessary layers of procedure and delay further proceedings, such as the upcoming scheduling and discovery conference, and in the end, Ozburn-Hessey when the Defendant would be permitted to file its answer anyway.

However, the Court's business with Ozburn-Hessey is not yet complete. The expeditious resolution of cases in this federal district court largely depends on the parties' compliance with deadlines set by the Court and by the Federal Rules. Future untimely filings by either party in this action may receive a frostier reception, as the Court does not look kindly upon unnecessary delays, which require it to divert its attention from more substantial issues. As a result, Ozburn-Hessey's counsel should lend a keen eye to any such deadlines so as to prevent future untimely filings in this or any other action before the Court.

Accordingly, the Court **DENIES** Holliday's motion for default judgment (Doc. 17).

**IT IS SO ORDERED.**

**DATED this 6th day of October 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**